JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Shawn Bohannan

## DEFENDANTS
Kimberly-Clark Corporation

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 905, Philadelphia PA 19110  215 557 9550

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, as amended
Brief description of cause:
Employment discrimination - race

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: NONE
DOCKET NUMBER: _____

DATE: February 10, 2021

SIGNATURE OF ATTORNEY OF RECORD: */s/ Robert T Vance Jr/*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Chester, Pennsylvania__

Address of Defendant: __Chester, Pennsylvania__

Place of Accident, Incident or Transaction: __Chester, Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: __NONE__    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __February 10, 2021__    _/s/ signature_ (Attorney-at-Law / Pro Se Plaintiff)    __37692__ Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
   *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)*: _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Robert T Vance Jr__, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __February 10, 2021__    _/s/ signature_ Attorney-at-Law / Pro Se Plaintiff    __37692__ Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**United States District Court for the Eastern District of Pennsylvania**

| | | |
|---|---|---|
| Shawn Bohannan | : | |
| | : | |
| vs | : | Civil Action No. |
| | : | Jury Trial Demanded |
| Kimberly-Clark Corporation | : | |

*Complaint*

Plaintiff, Shawn Bohannan, brings a series of claims against Defendant, Kimberly-Clark Corporation, of which the following is a statement:

*Jurisdiction and Venue*

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 2000d-2, 2000e-5(f), this action being brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d and 2000e et seq., the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991), to redress and enjoin the discriminatory practices of defendant. This Court may exercise supplemental jurisdiction over Mr. Bohannan's state law claim under the Pennsylvania Human Relations Act, 43 P.S. §951, et seq., (the "PHRA"), pursuant to 28 U.S.C. §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

*The Parties*

3. Plaintiff, Shawn Bohannan, is an African-American male citizen of the United States and a resident of this judicial district.

4. Defendant Kimberly-Clark Corporation is a Delaware corporation that produces mostly paper-based consumer products. Defendant's registered agent for service of process is

located at c/o CT Corporation System, 600 North 2nd Street, Suite 401, Harrisburg PA 17101. Defendant has a principal place of business in Chester, Pennsylvania.

5.   The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business.

### *Background Facts*

6.   On or about June 12, 1988, defendant hired Mr. Bohannan for the position of Fiber Resource.

7.   In or about 1998, defendant terminated Mr. Bohannan's employment.

8.   In or about 2000, defendant rehired Mr. Bohannan to work at defendant's facility at 1 Avenue of the States, Chester, Pennsylvania. On or about June 10, 2005, defendant promoted Mr. Bohannan to the position of Pulp Level 4.

9.   On or about August 28, 2017, after working for approximately three (3) hours, defendant's Asset Leader, Adrian Bryant, informed Mr. Bohannan that defendant's Human Resources Manager, Patricia Langdon, a White female, wanted to meet with him. Mr. Bohannan, a member of USW Local 10-448, asked Ms. Bryant whether he needed to be accompanied by his union shop steward. Ms. Bryant replied that he did not. When Mr. Bohannan entered Ms. Langdon's office, Sean Kelly, the Union President, was also present. Ms. Langdon had summoned Mr. Kelly to the meeting without informing him about the purpose of the meeting.

10.   At that time at defendant, according to the Union Handbook, if a drug test of an employee is warranted, two (2) salaried employees and one (1) union representative must be present and the reason for demanding the drug test must be specified.

11. There were no supervisors or salaried employees present during the meeting with Ms. Langdon, and despite being asked by Mr. Bohannan and Mr. Kelly, she never specified the reason why Mr. Bohannan was being tested. She stated that Mr. Bohannan had to submit to the drug test or he would immediately be terminated for refusing to do so.

12. According to the Union Handbook and company policy at the time, a "for cause" drug or alcohol test is warranted when an employee exhibits one or more signs of being under the influence of drugs or alcohol. However, Mr. Bohannan did not exhibit any sign indicating that he might have been under the influence of drugs or alcohol.

13. Mr. Bohannan was at the drug testing facility for about five (5) hours.

14. Also, according to the Union Handbook and company policy at the time, two (2) salaried employees and the union shop steward have to agree that a drug test is warranted before an employee can be required to submit to drug testing. This did not occur in connection to the drug test administered to Mr. Bohannan that day.

15. Because of his race, defendant failed to comply with the Union Handbook and company policy in connection to requiring that Mr. Bohannan submit to drug testing. In contrast, defendant faithfully complied with the Union Handbook and company policy in connection to requiring non-Black employees to submit to drug testing.

16. For example, in the case of Sean Mues, a White male and a towmotor driver for defendant, defendant demanded that Mr. Mues submit to drug testing after he ran a stop sign and exhibited signs of being under the influence. Two of defendant's salaried employees, Sue McBride, a White female, and Gail Whitehead, a Black female, and the union shop steward agreed that just cause was present and warranted that Mr. Mues submit to drug testing.

3

Defendant explained to Mr. Mues what constituted the just cause requiring him to submit to drug testing before he actually did so, all in the presence of a union shop steward.

17. In the case of Michael Albany, a White male and an Adjuster for defendant, he was caught sleeping on the job three (3) times, and as a result, defendant demanded that he submit to alcohol and drug testing. Two salaried employees, including Dan Falcone, a White male, and the shop steward, Mr. Kelly, agreed that alcohol and drug testing were warranted for Mr. Albany, and they explained to him the just cause related to that decision.

18. In the case of Brian Gill, a White male and a Bale Handler for defendant, he smelled of alcohol, and as a result, defendant demanded that he submit to alcohol and drug testing. Two salaried employees, Bib Birney, a White male, and Dave Burgio, a White male, and the shop steward, J.R. Cowan, a White male, agreed that alcohol and drug testing were warranted for Mr. Gill, and they explained to him the just cause related to that decision.

19. Mr. Bohannan passed the alcohol test. He attempted to provide an adequate sample for the drug test but was not able to do so. On his first attempt, the temperature strip on the specimen cup provided to him by the personnel at the testing facility in Ridley, Pennsylvania, did not achieve the required temperature, so the lab technician discarded the sample. On his second attempt, the specimen achieved the required temperature but the specimen cup was not filled to the required level, so the lab technician discarded that sample as well. Having been at the Laboratory for five (5) hours, Mr. Bohannan was not physically able to provide another urine sample. He informed Ms. Langdon that the lab technician had discarded the two urine samples, and that he physically was unable to provide another urine sample.

20. In response, Ms. Langdon demanded that Mr. Bohannan sign a "Refusal to Submit to Testing" form.

4

21. Mr. Bohannan told Ms. Langdon that he did not refuse to submit to testing and would not sign the form. In response, Ms. Langdon told him that whether he signed the form or not, he would be terminated.

22. Under duress, Mr. Bohannan signed the form, after which Ms. Langdon immediately terminated Mr. Bohannan's employment.

23. There was no just cause for defendant to demand that Mr. Bohannan submit to drug and alcohol testing because nothing about his behavior indicated in any way that he was under the influence of alcohol or drugs.

24. Defendant's demand that Mr. Bohannan submit to drug testing was motivated by race.

25. Defendant's decision to terminate Mr. Bohannan based on an alleged refusal to submit to drug and alcohol testing and/or his coerced signing of the Refusal to Submit to Testing form was motivated by race.

26. Mr. Bohannan has suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's discrimination.

27. Defendant discriminated against Mr. Bohannan because of his race.

28. By reason of defendant's discrimination, Mr. Bohannan suffered extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

29. Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Mr. Bohannan's rights.

### *Count I*

### *Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000d and 2000e et seq.*

30. Plaintiff restates and realleges paragraphs 1-29, inclusive, as though set forth here in full.

31. Mr. Bohannan had a federal statutory right under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000d and 2000e et seq. ("Title VII"), to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

32. Defendant's conduct deprived Mr. Bohannan of the rights, privileges and immunities guaranteed to him under Title VII.

33. By reason of defendant's conduct, Mr. Bohannan is entitled to all legal and equitable relief available under Title VII.

### *Count II*

### *Pennsylvania Human Relations Act, 43 P.S. §951 et seq.*

34. Plaintiff restates and realleges paragraphs 1-33, inclusive, as though set forth here in full.

35. Defendant's action in terminating Mr. Bohannan's employment because of his race violated the Pennsylvania Human Relations Act (the "PHRA").

36. Defendant's conduct described above deprived Mr. Bohannan of the rights, privileges and immunities guaranteed to him under the PHRA.

37. By reason of defendant's conduct, Mr. Bohannan is entitled to all legal and equitable relief available under the PHRA.

6

*Jury Demand*

38. Mr. Bohannan hereby demands a trial by jury as to all issues so triable.

*Prayer for Relief*

Wherefore, Plaintiff, Shawn Bohannan, respectfully prays that the Court:

a. adjudge, decree and declare that defendant engaged in illegal race discrimination, and that the actions and practices of defendant complained of herein are violative of his rights under Title VII and the PHRA;

b. order defendant to provide appropriate job relief to Mr. Bohannan, including reinstatement;

c. enter judgment in favor of Mr. Bohannan and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, reinstatement, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d. order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Mr. Bohannan associated with this case;

e. grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f. retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full

compliance with the law.

_____
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 905
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Shawn Bohannan*